■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST BARRENTINE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Jones, J.), rendered August 26, 1981, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Contrary to defendant's assertion, the record does not contain overwhelming evidence that he was intoxicated at the time he stabbed his victim. Although defendant testified that he had consumed a "little nip" at a bar prior to the stabbing,

he specifically denied being intoxicated in a statement made to an Assistant District Attorney after the crime. There was also testimony that defendant, together with others, had drunk "a couple of quarts of beer" at the apartment where the stabbing occurred; however, this testimony did not establish the quantity of alcohol consumed by defendant and, therefore, fell far short of demonstrating his intoxication.

Under these circumstances, defendant's assertion, on appeal, that the failure of his trial counsel to have requested a jury charge on intoxication constituted ineffective assistance of counsel is without merit. Defendant has failed to demonstrate a deprivation of his right to the effective assistance of counsel under either the "meaningful representation" test established in *People v Baldi* (54 NY2d 137, 146-147) or the two-pronged test articulated in *Strickland v Washington* (466 US 668). In view of the inconclusive evidence of defendant's intoxication, coupled with his admission that he had not been drunk, the decision of defendant's trial counsel to rely strictly on the defense of justification, and to forgo a possible intoxication defense, appears to have been an entirely valid trial tactic; the utilization of unsuccessful trial tactics does not bespeak an ineffectiveness of counsel (*People v Baldi, supra,* at p 146; *People v Lundy,* 104 AD2d 384). Giving due deference to counsel's judgment (*Strickland v Washington, supra*), the decision not to pursue the defense of intoxication in this case was warranted.

Finally, under the circumstances, defendant's sentence was neither unduly harsh nor excessive. Mollen, P. J., Bracken, O'Connor and Niehoff, JJ., concur.