■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BRAZEAU, Appellant.—Judgment unanimously affirmed. Memorandum: Viewing the evidence presented at trial in the light most favorable to the People (see, People v Ford, 66 NY2d 428, 437), we find that there was a valid line of reasoning and permissible inferences to lead a rational person to the conclusion reached by the jury (see, People v Bleakley, 69 NY2d 490, 495). On this record, we also conclude that the

verdict was not against the weight of the evidence *(see, People v Bleakley, supra).* Further, we find no error in the trial court's refusal to charge that the People's primary witness was an accomplice *(see,* CPL 60.22). In order for a witness to be an accomplice, it must be shown that "the witness took part in the preparation or perpetration of the crime with intent to assist therein, or that the witness counseled, induced or encouraged the crime" *(People v Torello,* 94 AD2d 857). Here, the record is barren of any evidence that the witness took part in the preparation or perpetration of the crime or counseled, induced or encouraged it. Indeed, the witness learned of the arson only after its commission and then aided defendant in fleeing the scene. Since that conduct establishes only that the witness may have been an accessory after the fact, he is not an accomplice for the purpose of the corroboration requirement of CPL 60.22 (2) *(see, People v Torres,* 160 AD2d 746; *People v Vataj,* 121 AD2d 756, 757-758, *revd on other grounds* 69 NY2d 985; *People v Aleschus,* 81 AD2d 696, 697, *affd* 55 NY2d 775). We also find no merit to defendant's contention that he was denied either his constitutional or statutory right to a speedy trial. Although approximately three years passed from the time of indictment until defendant's arraignment, the People complied with CPL 30.30 (1) (a) since all but two months of this period must be excluded because of defendant's avoidance of apprehension, both by fleeing to other States and by using various aliases *(see,* CPL 30.30 [4] [c]; *People v Liss,* 131 AD2d 595, 596, *lv denied* 70 NY2d 714; *People v Shannon,* 128 AD2d 395, 397, *lv denied* 69 NY2d 1009). Further, balancing the factors to be considered on a motion to dismiss an indictment for violation of defendant's constitutional rights to a speedy trial *(see, People v Taranovich,* 37 NY2d 442, 445), we conclude that County Court properly denied the motion.

We have reviewed the remaining issues raised by defense counsel and defendant *pro se,* and find them to be without merit. (Appeal from judgment of Erie County Court, La Mendola, J.—arson, second degree.) Present—Callahan, J. P., Denman, Pine, Balio and Lawton, JJ.