■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN J. HADDEN, Appellant. [621 NYS2d 110] —White, J. Appeal from a judgment of the County Court of Saratoga County (Williams, J.), rendered May 14, 1992, upon a verdict convicting defendant of two counts of the crime of burglary in the third degree.

Defendant was charged with burglarizing the Cree Mee Freez restaurant and Fuller's store, two establishments in the Town of Edinburg, Saratoga County, on August 2, 1991. At defendant's trial two accomplices, who were involved in the burglaries and had previously entered pleas, testified in detail as to driving to each establishment, defendant's unauthorized entry into both buildings, and the removal of a bag of money from Cree Mee Freez and several kegs and cases of beer from Fuller's, along with a $10 bill. Both store owners testified as to the items taken, including the $10 bill which had been left in

---

the cash register at Fuller's, and each confirmed the testimony given by the accomplices as to the property taken. Testimony was also received from a witness who was at an outdoor party on the following evening and observed defendant with one or more kegs of beer in his truck. In addition, Frank Crisafulli, a friend of defendant, who was also at the party and was not involved in the earlier escapade, testified that he observed kegs and cases of beer in defendant's truck and when he inquired of defendant where the beer had come from, defendant stated that he had gotten it from Fuller's store and further stated that he had taken money from the Cree Mee Freez.

Defendant contends that the People failed to sufficiently corroborate the testimony of the two accomplices who testified against him during the course of the trial. However, a witness taking no part in the conduct that constitutes the crime charged or any element thereof is not considered an accomplice, and thus the observations of the witnesses at the party following the burglary would be sufficient to corroborate the accomplices' testimony by tending to connect defendant with the burglaries (see, People v Smith, 55 NY2d 945; People v Cava-Burgos, 182 AD2d 826, lv denied 80 NY2d 927; see also, CPL 60.22). In addition, defendant's admission to Crisafulli that he participated in the crimes charged is sufficient corroboration of any accomplice testimony to sustain the verdict (see, People v Farruggia, 61 NY2d 775; People v Burgin, 40 NY2d 953; People v White, 147 AD2d 967).

Defendant further argues that County Court improperly allowed him to be cross-examined as to his prior criminal history, and thus he was denied a fair trial. A review of the record indicates that a Sandoval hearing was held and the court ruled that several prior crimes committed by defendant could be inquired into by the People, with the express limitation that no questioning as to the underlying facts would be allowed. We find that County Court properly balanced the probative value of the prior convictions against the risk of unfair prejudice (see, People v Sandoval, 34 NY2d 371). Further, although several of these convictions were similar to the crimes charged, the inclusion of prior convictions for potential impeachment purposes is generally discretionary with the trial court and we cannot say as a matter of law that County Court abused its discretion (see, People v Walker, 83 NY2d 455; People v Mattiace, 77 NY2d 269; People v Williams, 56 NY2d 236).

Defendant also contends that the prosecution improperly

cross-examined defendant's father, who testified as an alibi witness, but we find no impropriety in the cross-examination of said witness regarding his failure to come forward at an earlier date, particularly since a proper foundation had been laid for this line of questioning. Although it is preferable that a bench conference be held prior to questioning a witness as to reasons for an earlier silence, in this case any error was harmless as it did not deprive defendant of a fair trial *(see, People v Dawson,* 50 NY2d 311).

Defendant also claims that the People's summation was unduly prejudicial. A review of the record, however, indicates that the People's comments were not inflammatory in nature and did not deprive defendant of a fair trial *(see, People v Wrigglesworth,* 204 AD2d 758).

Accordingly, for the reasons set forth above, the conviction is affirmed.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.