■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM LA PORTE, Appellant. [629 NYS2d 832] —Mercure, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered May 31, 1994, upon a verdict convicting defendant of the crimes of burglary in the second degree and grand larceny in the third degree.

On or about June 26, 1993, defendant and Julia Dominique stole property, including tattooing equipment and dyes, jewelry and dollar and half-dollar coins, from the apartment of Rollin Stoddard and Shirley Stoddard. Following a jury trial, defendant and Dominique were each convicted of burglary in the second degree and grand larceny in the third degree. Sentenced as a second felony offender to an aggregate prison term of 5 to 10 years, defendant now appeals.

Initially, we reject defendant's contentions addressed to the weight and sufficiency of the trial evidence. Notably, Stacy La Porte and Mandy La Porte, defendant's brother and sister-in-law, testified that defendant and Dominique delivered the stolen property to their residence on June 27, 1993 and at that time acknowledged that they had stolen the property from the Stoddards' apartment. Although County Court erred in its determination that, because the La Portes illegally harbored and disposed of the stolen property they were accomplices with regard to the burglary and larceny charges (*see, People v Brazeau*, 162 AD2d 979, *lv denied* 76 NY2d 891; *People v Torres*, 160 AD2d 746, *lv denied* 76 NY2d 897), the People nonetheless satisfied the corroboration requirement of CPL 60.22 with evidence of defendant and Dominique's possession, within a short time following the theft, of large numbers of silver dollars and

half-dollars, the existence of dye-stained materials in their apartment and their travel patterns on June 26 and 27, 1993. Cumulatively, this evidence tended to connect defendant to the crime (*see, People v Glasper*, 52 NY2d 970, 972; *People v Hudson*, 51 NY2d 233; *People v Cunningham*, 48 NY2d 938, 940) and, together with the La Portes' testimony, satisfied both the legal sufficiency and weight of evidence tests (*see, People v Bleakley*, 69 NY2d 490). Contrary to defendant's assertion, much of the trial evidence, including defendant's direct acknowledgment that he stole the property from the Stoddards' apartment (*see, People v Bretagna*, 298 NY 323, *cert denied* 336 US 919; Richardson, Evidence § 145, at 116 [Prince 10th ed]; *cf., People v Sanchez*, 61 NY2d 1022), was not circumstantial.

We similarly reject as meritless the contentions that County Court erred in charging the jury with respect to evidence of unexplained possession of recently stolen property (*see, People v Baskerville*, 60 NY2d 374, 382), that the People's innocent failure to disclose Stacy La Porte's criminal record, discovered by defendant before the end of the trial, requires a new trial, that defendant was denied the effective assistance of counsel (*see, People v Baldi*, 54 NY2d 137, 146-147) and that the sentence imposed was harsh and excessive.

Cardona, P. J., White, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.