■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE L. DYGERT, Appellant. [645 NYS2d 902] —Mercure, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered June 5, 1995, upon a verdict convicting defendant of the crimes of burglary in the third degree and petit larceny.

Defendant was indicted for burglary in the third degree and petit larceny as the result of his July 14, 1994 forced entry into a business establishment owned by Byron Luther and theft of a safe (containing vehicle titles, insurance policies and approximately $1,200 in cash), rolled coins with Luther's name stamped on the wrappers, and a hand cart or dolly. Convicted of both counts following a jury trial and sentenced as a second felony offender to a prison term of $3^1/_2$ to 7 years, defendant now appeals.

We affirm. We are unpersuaded by defendant's primary contention, that the "accomplice" testimony of Brian Cobane was "unsupported by corroborative evidence tending to connect [him] with the commission of [the charged crimes]" (CPL 60.22 [1]). Cobane testified that on July 15, 1994 he received a message that defendant had a job for him and that he went to defendant's apartment that evening. Defendant was alone in the apartment and immediately "started laughing and giggling and say[ing] something about some sort of a safe" as he directed Cobane to his bedroom. Cobane then observed the safe, which was identified at trial as the one that had been stolen from Luther's business. Defendant stated to Cobane that he had taken the safe with the use of a dolly and showed Cobane a screwdriver he had broken trying to force it open. Defendant gave Cobane a $10 roll of quarters, asked Cobane to help him lift the safe and take it into the living room, and then requested that Cobane push some tools, identified as a hammer, a crowbar and the broken screwdriver, under the bed. Cobane also testified that he saw approximately 20 rolls of coins and "a bunch of papers" on defendant's bed. Cobane left the apartment at the first opportunity and reported the incident to the police.

Based upon the foregoing, we agree with the People that Cobane, having taken no part in the crimes charged in the indictment or any "offense based upon the same or some of the same facts or conduct" (CPL 60.22 [2] [b]; *see*, CPL 60.22 [2] [a]), was not an accomplice as a matter of law (*see*, *People v Vataj*, 69 NY2d 985, 987; *People v Brazeau*, 162 AD2d 979, 980, *lv denied* 76 NY2d 891; *People v Torres*, 160 AD2d 746, 747, *lv denied* 76 NY2d 897). Having learned of defendant's crimes only after their commission, Cobane was, at most, an accessory after the fact and, thus, not an accomplice within the purview of CPL 60.22 (2) (*see*, *People v Brazeau, supra; People v Torres, supra*).

Further, there was in any event ample evidence to corroborate Cobane's testimony. A search of defendant's apartment disclosed coin wrappers stamped with Luther's name, chips of cement, which the testimony indicated is used as insulation in safes, and the tools referred to in Cobane's testimony. In addition, a neighbor testified that he saw defendant on the night of July 15, 1994 pushing a large object on a dolly along the side of the road near defendant's apartment building, and the police found wheel tracks leading from the scene to a nearby swamp where the safe was recovered.

We also reject defendant's attacks on the weight and sufficiency of the trial evidence, primarily founded upon the erroneous premise that the People's case was based solely on

circumstantial evidence. In fact, defendant's admission to Cobane that he stole the safe constituted direct evidence of guilt and, as a consequence, the "moral certainty" standard did not apply (*People v Snare*, 216 AD2d 674, 675, *lv denied* 86 NY2d 802; *see*, *People v La Porte*, 217 AD2d 821, 822). Based upon our review of the record, viewed in a light most favorable to the People (*see*, *People v Allah*, 71 NY2d 830; *People v Bleakley*, 69 NY2d 490, 495), we conclude that the evidence adduced at trial was legally sufficient to establish defendant's guilt beyond a reasonable doubt. In addition, upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence (*see*, *People v Bleakley*, *supra*).

As a final matter, based upon the evidence adduced at trial, County Court did not err in instructing the jury on the inference of guilt to be drawn from the recent, exclusive and unexplained possession of the fruits of the crime (*see*, *People v Baskerville*, 60 NY2d 374, 382-383; *People v Reed*, 140 AD2d 881, 882, *lv denied* 72 NY2d 960); and the sentence imposed was by no means harsh or excessive.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.