THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRADLEY PITKIN, Appellant. [701 NYS2d 198] —Judgment unanimously affirmed. Memorandum: We reject defendant's contention that the testimony of the accomplice was not sufficiently corroborated (*see,* CPL 60.22; *People v La Porte,* 217 AD2d 821, 821-822). The evidence is legally sufficient to support the conviction (*see, People v Yopp,* 142 AD2d 982, 983, *lv denied* 72 NY2d 1051), and the verdict is not contrary to the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495).

Defendant's contention that the verdict is repugnant is not preserved for our review (*see*, CPL 470.05 [2]; *People v Alfaro*, 66 NY2d 985, 987), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]). The evidence, the law and the circumstances of this case, viewed in totality and as of the time of the representation, establish that defendant received meaningful representation (*see*, *People v Baldi*, 54 NY2d 137, 147). By failing to make a pretrial motion to dismiss the indictment based upon the discrepancy between the burglary charge listed in the cover sheet and the charge in the first count of the indictment (*see*, CPL 210.20 [1] [a]; 210.25), defendant waived his contention that the indictment is facially defective (*see*, *People v Iannone*, 45 NY2d 589, 600; *see also*, *People v Dumblewski*, 61 AD2d 875, 876). The sentence is not unduly harsh or severe. Defendant's remaining contention is not preserved for our review (*see*, CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]). (Appeal from Judgment of Jefferson County Court, Clary, J.—Burglary, 1st Degree.) Present—Green, J. P., Lawton, Pigott, Jr., Scudder and Callahan, JJ.