■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY DRAYTON, JR., Appellant. [705 NYS2d 317] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and obstructing governmental administration in the second degree (Penal Law § 195.05). Defendant failed to preserve for our review his contention that the verdict is not supported by legally sufficient evidence (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19). In any event, the evidence, viewed in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620, 621), "could lead a rational trier of fact to conclude that the elements of the crime had been proven beyond a reasonable doubt" (*People v Cabey,* 85 NY2d 417, 420; *see, People v Williams,* 84 NY2d 925, 926). Contrary to defendant's contention, the verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495).

Defendant failed to object to the admission of the crack cocaine and thus has not preserved for our review his contention that the People failed to establish an adequate chain of custody with respect to the cocaine (*see,* CPL 470.05 [2]). Were we to review that contention, we would conclude that it lacks merit. The chain of custody over the seized cocaine was properly established, and any deficiencies therein may be excused where, as here, " 'the circumstances provide reasonable assurances of the identity and unchanged condition' of the evidence" (*People v Julian,* 41 NY2d 340, 343).

We reject defendant's further contention that reversal is required based on prosecutorial misconduct. Defendant failed to object to any of the alleged instances of misconduct and, in any event, "the prosecutor did not engage in a pervasive pattern of misconduct sufficient to deny defendant due process of

law" (*People v Chase*, 265 AD2d 844, 846; *see, People v Galloway*, 54 NY2d 396, 401; *People v Scutt*, 254 AD2d 807, 808, *lv denied* 92 NY2d 1038). The record establishes that defendant received meaningful representation (*see, People v Baldi*, 54 NY2d 137, 147). Furthermore, there is no merit to defendant's contention that reversal is required due to the cumulative effect of alleged errors that occurred during trial. Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Cattaraugus County Court, Himelein, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Pigott, Jr., P. J., Pine, Wisner and Hurlbutt, JJ.