■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CHRISTINE M. HAWLEY, ERIC J. SWINARSKI, VIRGINIA A. HOWELL, RAYMOND T. BENSLEY, TERRY V. DUFFY, MICHAEL E. KING and RALPH J. CARTRIGHT, Respondents. [729 NYS2d 558] —Crew III, J. P. Appeal from an order of the County Court of Tioga

---

County (Sgueglia, J.), entered June 28, 2000, which granted defendants' motions to dismiss the indictments.

On February 23, 2000, a Tioga County Grand Jury returned indictments charging defendant Ralph J. Cartright with criminal possession of a controlled substance in the fifth degree and criminal sale of a controlled substance in the third degree. The six other defendants, Terry V. Duffy, Christine M. Hawley, Eric J. Swinarski, Virginia A. Howell, Raymond T. Bensley and Michael E. King, were each only charged with criminal possession of a controlled substance in the fifth degree. Each defendant successfully moved, pursuant to CPL 210.20, to dismiss the indictments for legally insufficient evidence, and this appeal by the People ensued.

The evidence before the Grand Jury revealed that on December 13, 1999, based upon information from a confidential informant, Patrick Hogan, an investigator for the Tioga County Sheriff's Department, began a surveillance at a residence located at 183 Temple Street in the Village of Owego, Tioga County. During that surveillance, defendants were observed entering the residence, after which Hogan observed Cartright and Duffy leave and drive away in a pickup truck. Cartright and Duffy returned to the residence approximately 20 minutes later, whereupon they left again and returned two hours later, at which time Cartright was observed carrying a striped cloth bag. Shortly thereafter, Hogan and other uniformed police officers entered the residence in order to execute a search warrant that they had obtained from a Town Justice.

Upon entering the residence, Hogan observed defendants sitting around a coffee table in the living room. He also observed pipes commonly used to smoke cocaine strewn around the living room, some partially secreted under a couch. A search of the house uncovered approximately 1,500 milligrams of cocaine. Notably, cocaine was found in the striped cloth bag that Hogan had seen Cartright carrying into the residence and which was subsequently found on the floor immediately next to Cartright.

Hogan testified that after administering *Miranda* warnings, Duffy made an oral statement wherein he told Hogan that parties were held regularly at the residence, at which partygoers would give money to Cartright, who would then leave, obtain cocaine and return and distribute the cocaine to the partygoers. On the night in question, Duffy stated, Cartright went out the first time to obtain drugs without success but, on the second occasion, he returned with cocaine. David Reen, a co-owner of the residence, testified before the Grand Jury that he observed

Cartright return to the residence and distribute cocaine to all present, each of whom proceeded to smoke it.

In our view, there is legally sufficient evidence to sustain both counts of the indictment against Cartright. He was seen carrying the striped bag into the residence, which later was found next to him containing cocaine. Additionally, Duffy's statement recited the manner in which the parties took place, and Reen testified that he had observed Cartright distribute cocaine to the participants on the evening in question.

To be sure, Duffy's statement and Reen's testimony were that of accomplices and, absent corroboration, were insufficient for purposes of indictment. It is our view, however, that Hogan's testimony sufficiently corroborated the accomplices' statement and testimony. Hogan confirmed that Duffy and Cartright twice left the premises; when they returned the second time, Cartright was carrying a striped cloth bag, which later was seized and found to contain crack cocaine. Additionally, pipes known to be used to smoke cocaine were found strewn around the residence, some partially secreted, and Reen admitted to obtaining cocaine from Cartright and smoking same. The Grand Jury properly was charged regarding accomplice testimony, and Hogan's observations certainly corroborated Duffy's statement and Reen's testimony. Concededly, Hogan's testimony did not prove that Cartright delivered the cocaine to the various individuals at the residence, but it certainly tended to connect him to the crime and harmonized with the narrative provided by the accomplices (*see*, *People v Smith*, 55 NY2d 945, 946). Accordingly, we are of the view that the evidence presented to the Grand Jury was legally sufficient to support the indictment against Cartright.

With regard to the indictments charging the remaining defendants with criminal possession of a controlled substance in the fifth degree, we agree with County Court that there was legally insufficient evidence to establish that these defendants had exercised the necessary dominion or control over the substances eventually found to sustain such charges. For the reasons already expressed, however, we believe that there was legally sufficient evidence to establish that each of those defendants was guilty of the lesser included offense of criminal possession of a controlled substance in the seventh degree. Both Reen and Duffy stated that Cartright had distributed the cocaine to all present and that they were all smoking cocaine. Pipes commonly used for that purpose were found on the premises and, not insignificantly, some had been secreted under the couch, apparently to evade detection. That evidence

compels the inference that the pipes were used to smoke the crack cocaine brought to the residence by Cartright, further corroborating the testimony of Reen that all remaining defendants had possessed and smoked cocaine. Accordingly, we conclude that County Court should have dismissed such count and directed the filing of a prosecutor's information charging each of them with criminal possession of a controlled substance in the seventh degree (see, CPL 210.20 [1-a]).

Peters, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, by reversing so much thereof as granted defendant Ralph J. Cartright's motion to dismiss the indictment against him; motion denied and said indictment reinstated; as to defendants Christine M. Hawley, Eric J. Swinarski, Virginia A. Howell, Raymond T. Bensley, Terry V. Duffy and Michael E. King, matter remitted to the County Court of Tioga County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.