■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEAN W. GALUSHA, Appellant. [731 NYS2d 414] —Judgment unanimously affirmed. Memorandum: The record supports the determination of County Court, following a hearing, that defendant was competent to proceed to trial. The court was entitled to reject the contrary opinions of the psychiatric examiners, where those opinions were based solely upon the assertions of defendant that he was unable to recall the events resulting in the murder charge (*see generally, People v Goodell,* 164 AD2d 321, 327, *affd* 79 NY2d 869; *People v Francabandera,* 33 NY2d 429, 435-439). Defendant failed to preserve for our review his contentions that the evidence is legally insufficient to support the conviction (*see, People v Gray,* 86 NY2d 10, 19) and that the court erred in failing to instruct the jury on intoxication (*see, People v Jones,* 272 AD2d 930, 932, *lv denied* 95 NY2d 891) and the affirmative defense of extreme emotional disturbance (*see, People v Hunter,* 141 AD2d 847, *lv denied* 72 NY2d 957). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). Nor was defendant denied effective assistance of counsel based upon counsel's failure to request jury instructions with respect to intoxication (*see, People v Wallace,* 259 AD2d 978, *lv denied* 93 NY2d 981; *People v Barrentine,* 112 AD2d 440, 441) and the affirmative defense of extreme emotional disturbance (*see, People v Sanchez,* 148 AD2d 760, *lv denied* 74 NY2d 746, 818). The sentence is not unduly harsh or severe. (Appeal from Judgment of Oneida County Court, Donalty, J.—Murder, 2nd Degree.) Present—Green, J. P., Scudder, Kehoe, Gorski and Lawton, JJ.