■ The People of the State of New York, Respondent, v Anthony Palmer, Appellant. [735 NYS2d 121] —Judgment, Supreme Court, New York County (James Yates, J.), rendered March 20, 2000, convicting defendant, after a jury trial, of grand larceny in the fourth degree and criminal possession of stolen property in the fifth degree, and sentencing him, as a second felony offender, to concurrent terms of 1½ to 3 years and one year, respectively, unanimously affirmed.

Defendant's motion to suppress identification testimony and physical evidence was properly denied. During a buy-and-bust operation taking place at night in a desolate area, the arresting officer heard a radio transmission of the undercover officer screaming and responded to her location within seconds. When the arresting officer arrived at the scene, defendant, the only

other person in the vicinity, was standing next to the undercover officer. The urgency of the undercover officer's screams clearly indicated that defendant had committed or attempted to commit some criminal act against her and that her safety was in danger. Thus, the totality of the circumstances provided the arresting officer with reasonable suspicion to stop defendant (*see, People v Batista*, 88 NY2d 650, 653; *People v Lopez*, 258 AD2d 388, *lv denied* 93 NY2d 1022). The frisk and momentary detention of defendant until the situation could be clarified, in a manner that would avoid revealing the undercover officer's true status, was justified (*see, People v Hicks*, 68 NY2d 234). The handcuffing of defendant was justified by the circumstances and did not elevate the detention to an arrest (*People v Allen*, 73 NY2d 378). The arresting officer's subsequent conversation with the undercover officer provided probable cause for defendant's arrest.

Defendant's claim that the court prematurely terminated a readback of testimony that had been interrupted by members of the deliberating jury is unpreserved because defendant accepted the court's offer to clarify the situation by reminding the jury that it had not heard all of the testimony it had originally requested (*see, People v Whalen*, 59 NY2d 273, 280), and we decline to review this claim in the interest of justice. Were we to review this claim, we would find that the court responded meaningfully to the jury's request (*see, People v Almodovar*, 62 NY2d 126, 131-132). The record is clear that the jury chose to rescind its original request and was satisfied with the partial readback. Concur—Sullivan, J.P., Rosenberger, Lerner, Rubin and Buckley, JJ.