■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH R. O'DONNELL, Appellant. [744 NYS2d 600] —Appeal from a judgment of Onondaga County Court (Mulroy, J.), entered January 9, 1998, convicting defendant after a jury trial of, inter alia, burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, burglary in the second degree (Penal Law § 140.25 [2]) based on his theft of li-

quor and two hand guns from a dwelling that he unlawfully entered. We reject defendant's contention that County Court erred in failing to instruct the jury that two witnesses were accomplices as a matter of law. "A witness is an accomplice as a matter of law only if the jury could reasonably reach no other conclusion but that he participated in the offense charged or an offense based upon the same or some of the same facts or conduct which constitute the offense charged" (*People v Besser,* 96 NY2d 136, 147; *see* CPL 60.22 [2]; *People v Berger,* 52 NY2d 214, 219). Here, the two witnesses at issue were in a vehicle with defendant and other participants in the burglary when the vehicle arrived at the residence that was then burglarized. However, those witnesses testified that they did not hear any discussion with respect to the unlawful entry of the residence to steal liquor and did not know why they had been driven to the residence, which was owned by the parents of a friend of defendant's girlfriend. Because "[t]he evidence did not establish conclusively that those witnesses participated in the crimes," the issue whether they were accomplices was properly left to the jury (*People v Newbould,* 269 AD2d 850, 850; *see People v Myers,* 212 AD2d 1032, 1033). In any event, there was sufficient corroborative evidence apart from the testimony of those witnesses to connect defendant to the commission of the crime (*see* 60.22 [1]; *People v Breland,* 83 NY2d 286, 292).

We further reject the contention of defendant that he was denied a fair trial by prosecutorial misconduct on summation. The prosecutor's remarks were fair comment on defense counsel's summation (*see People v Halm,* 81 NY2d 819, 821) and in any event were within the "broad bounds of rhetorical comment" (*People v Galloway,* 54 NY2d 396, 399). The sentence is neither unduly harsh nor severe. We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Green, J.P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.