■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT GARY, Appellant. [750 NYS2d 714] —Appeal from a judgment of Onondaga County Court (Walsh, J.), entered November 7, 2001, convicting defendant after a jury trial of, inter alia, assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him of

assault in the second degree (Penal Law § 120.05 [3]), obstructing governmental administration in the second degree (§ 195.05), unlawful possession of marihuana (§ 221.05), and three counts of disorderly conduct (§ 240.20 [1], [2], [5]), defendant contends that he was deprived of effective assistance of counsel by defense counsel's failure to request a charge on the defense of intoxication. We disagree. A defense of intoxication would have been inconsistent with the proffered defense of justification, which was based on defendant's statements following the incident to the effect that he had bitten the police officer to defend himself against an unprovoked beating (*see People v Natal*, 102 AD2d 496, 502-504, *affd* 66 NY2d 802; *see also People v Barrentine*, 112 AD2d 440, 441). Moreover, a defense of intoxication would have been inconsistent with defendant's statement that he had consumed only a few sips of beer. "[I]t was entirely reasonable for counsel to pursue a defense consistent with defendant's prior statements" (*Natal*, 102 AD2d at 504). Thus, defendant was not deprived of effective assistance of counsel as a result of defense counsel's failure to pursue an intoxication defense or request an intoxication charge (*see People v Jaworski*, 296 AD2d 597; *People v Galusha*, 286 AD2d 933, *lv denied* 97 NY2d 704; *People v Keller*, 175 AD2d 312, 313-314, *lv denied* 78 NY2d 1128; *see generally People v Henry*, 95 NY2d 563, 565-566; *People v Benevento*, 91 NY2d 708, 712-713).

Contrary to defendant's contentions, the evidence is legally sufficient to support the conviction of assault in the second degree (*see People v Spinks*, 244 AD2d 921, 922; *People v Johnson*, 115 AD2d 330, 331; *see also People v Douglas*, 143 AD2d 452, 453), obstructing governmental administration in the second degree (*see Matter of Davan L.*, 91 NY2d 88, 90-91; *People v Drayton*, 270 AD2d 826, *lv denied* 95 NY2d 834; *People v Meath*, 219 AD2d 838), and disorderly conduct (*see People v Iannelli*, 69 NY2d 684, 685, *cert denied* 482 US 914; *People v King*, 224 AD2d 547, 548; *see generally People v Tichenor*, 89 NY2d 769, 776-777, *cert denied* 522 US 918).

Defendant has failed to preserve for our review his contention that County Court failed to respond meaningfully to the jury's request for the reading of certain testimony (*see People v Palmer*, 290 AD2d 224, 225, *lv denied* 97 NY2d 759; *People v Miller*, 286 AD2d 981, *lv denied* 97 NY2d 657; *People v Baldwin*, 272 AD2d 476, *lv denied* 95 NY2d 863; *People v Shaw*, 158 AD2d 923, *lv denied* 76 NY2d 743), and in any event the record is insufficient to enable us to review that contention.

Defendant was not deprived of a fair trial by prosecutorial

misconduct on summation (*see People v O'Donnell*, 295 AD2d 936, 937; *People v White*, 291 AD2d 842, *lv denied* 98 NY2d 656; *People v Casillas*, 289 AD2d 1063, 1064-1065, *lv denied* 97 NY2d 752). Present—Pigott, Jr., P.J., Pine, Wisner, Kehoe and Gorski, JJ.