THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMION SAULTERS, Appellant. [784 NYS2d 428]—

Appeal from a judgment of the Supreme Court, Erie County (Richard C. Kloch, Sr., A.J.), rendered January 9, 2002. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and robbery in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury verdict of murder in the second degree (Penal Law § 125.25 [3]) and robbery in the first degree (§ 160.15 [1]), defendant contends that Supreme Court erred in denying his request for an in camera examination of a witness to determine whether to move to dismiss the indictment on the ground that it was based on perjured testimony. We conclude that the court properly denied that request. Such discovery is not provided for by CPL 240.20 and, in any event, "the remaining evidence

before the Grand Jury established reasonable cause to believe that defendant was the assailant, and thus, 'this situation does not constitute an "impairment of integrity" of the Grand Jury process pursuant to CPL 210.35 (5) and qualify for the exceptional remedy of dismissal of the indictment' " (*People v Johnson*, 275 AD2d 949, 949-950 [2000], *lv denied* 95 NY2d 965 [2000], quoting *People v Avilla*, 212 AD2d 800, 801 [1995], *lv denied* 85 NY2d 935 [1995]).

We further conclude that there is sufficient evidence corroborating the testimony of the accomplices (*see People v Daniels*, 37 NY2d 624, 629-630 [1975]; *People v Johnson*, 1 AD3d 891, 892 [2003]) and legally sufficient evidence to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Moreover, we conclude that the court did not abuse its discretion in admitting into evidence photographs depicting the murder victim's wounds (*see People v Wood*, 172 AD2d 707, 711 [1991], *affd* 79 NY2d 958 [1992]; *People v Law*, 273 AD2d 897, 898 [2000], *lv denied* 95 NY2d 965 [2000]).

By contending only that the introduction of an officer's prior testimony was prejudicial, defendant failed to preserve for our review his contention that the People failed to establish that the officer could not be located with due diligence (*see People v Robinson*, 5 AD3d 1077, 1078 [2004], *lv denied* 2 NY3d 805 [2004]). In any event, even assuming, arguendo, that the People failed to establish due diligence, we conclude that the officer's testimony was not critical to the conviction and the admission of the prior testimony constitutes harmless error (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *cf. People v Combo*, 272 AD2d 992, 993 [2000]). Finally, we conclude that the sentence is not unduly harsh or severe. Present—Pine, J.P., Hurlbutt, Scudder, Martoche and Lawton, JJ.