◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY SCOTT, Appellant. [784 NYS2d 435]—

Appeal from a judgment of the Wayne County Court (Stephen R. Sirkin, J.), rendered May 8, 2003. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and sentencing him to an indeterminate term of incarceration of 25 years to life. Contrary to defendant's contention, the testimony of three of the witnesses tended to connect defendant with the crime (*see* CPL 60.22 [1]) and "harmonized with the narrative provided by the accomplice[ ]" (*People v Cartright*, 286 AD2d 559, 561 [2001], *lv denied* 97 NY2d 640 [2001]; *see People v Steinberg*, 79 NY2d 673, 683 [1992]) "in such a way that the jury [could have been] reasonably satisfied that the accomplice [was] telling the truth" (*People v Daniels*, 37 NY2d 624, 630 [1975]; *see People v Bates*, 299

AD2d 727, 728 [2002], *lv denied* 99 NY2d 626 [2003]; *People v Crow*, 284 AD2d 653 [2001], *lv denied* 96 NY2d 900 [2001]). Therefore, such evidence was sufficient to corroborate the accomplice's testimony and support the conviction (*see People v Breland*, 83 NY2d 286, 293-294 [1994]; *People v O'Donnell*, 295 AD2d 936, 937 [2002], *lv denied* 98 NY2d 770 [2002]; *People v Pitkin*, 267 AD2d 1021 [1999], *lv denied* 95 NY2d 802 [2000]). The verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Pierce*, 303 AD2d 966 [2003], *lv denied* 100 NY2d 565 [2003]; *Pitkin*, 267 AD2d at 1021). Reversal is not required as a result of County Court's instructions regarding the elements of second degree murder. Considered as a whole, those instructions clearly and correctly apprised the jurors of the law to be applied by them (*see People v Dunning*, 305 AD2d 1074, 1074-1075 [2003]; *see also People v Samuels*, 99 NY2d 20, 25 [2002]; *People v Ladd*, 89 NY2d 893, 895 [1996]). The sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Pine, Scudder, Kehoe and Lawton, JJ.