The People of the State of New York, Respondent, v Timothy A. Rimmen, Appellant. [794 NYS2d 246]—

Appeal from a judgment of the Niagara County Court (Amy J. Fricano, J.), rendered August 5, 1999. The judgment convicted defendant, upon a jury verdict, of assault in the first degree (two counts) and gang assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment entered after a jury trial convicting him of two counts of assault in the first degree (Penal Law § 120.10 [1], [3]) and one count of gang assault in the second degree (§ 120.06). An accomplice testified that he, defendant and the two codefendants decided to attack the victim, who was unknown to them and who was walking along the side of the road when they drove past him. The accomplice testified that the group approached the victim from behind and that defendant swung a wooden object, striking the victim in the back of the head and causing him to fall to his knees, whereupon the accomplice and the codefendants punched and kicked him. The 17-year-old victim sustained a fractured skull and injury to the brain requiring surgery, and he has no memory of the unprovoked attack.

Contrary to defendant's contention, the conviction is supported by legally sufficient evidence. We reject defendant's contention that the conviction is based solely upon the uncorroborated testimony of the accomplice. "New York's accomplice corroboration protection, while persistently unique, requires only enough nonaccomplice evidence to assure that the accomplices have offered credible probative evidence. Because the purpose of the requirement is not to establish defendant's guilt independently but to provide some basis for the jury to conclude the accomplice testimony is credible, [s]eemingly insignificant matters may harmonize with the accomplice's narrative so as to

provide the necessary corroboration . . . . [T]he People's burden is merely to offer some nonaccomplice evidence tending to connect defendant to the crime charged" (*People v Besser,* 96 NY2d 136, 143-144 [2001] [internal quotation marks and citations omitted]; *see* CPL 60.22 [1]; *cf. People v Knightner,* 11 AD3d 1002, 1004 [2004], *lv denied* 4 NY3d 745 [2004]). Here, the testimony of three witnesses "tended to connect defendant with the crime and 'harmonized with the narrative provided by the accomplice[ ]' 'in such a way that the jury [could have been] reasonably satisfied that the accomplice [was] telling the truth' " (*People v Scott,* 12 AD3d 1199, 1199 [2004] [internal citations omitted], *lv denied* 4 NY3d 748 [2004]). We further conclude that the verdict is not against the weight of the evidence.

We reject the further contention of defendant that County Court erred in denying his motion seeking severance, which was made for the first time on the 10th day of trial. The determination whether to grant the motion is within the sound discretion of the trial court, and defendant failed to meet the substantial burden of establishing that the court abused its discretion (*see People v Mahboubian,* 74 NY2d 174, 183 [1989]). We further conclude that there is no support in the record for defendant's contention that the District Attorney knew or should have known at the time the accomplice testified before two grand juries, that his testimony was perjured. The evidence at trial established that, when he testified before two grand juries, the accomplice did not admit his involvement in the crime because of his fear of the family of the victim, who allegedly had threatened and intimidated many people in an effort to discover the identity of the victim's attackers. Nevertheless, when the District Attorney learned that the testimony of the accomplice at trial would differ from his testimony before the grand juries, the District Attorney promptly notified defendant's counsel. We therefore conclude that "this situation does not constitute an 'impairment of integrity' of the [g]rand [j]ury process pursuant to CPL 210.35 [5] and qualify for the exceptional remedy of dismissal of the indictment" (*People v Avilla,* 212 AD2d 800, 801 [1995], *lv denied* 85 NY2d 935 [1995]; *see People v Saulters,* 12 AD3d 1178, 1179 [2004], *lv denied* 4 NY3d 803 [2005]). We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Scudder, Gorski, Martoche and Lawton, JJ.