◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ALEXANDER, Appellant. [851 NYS2d 807]—

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered April 19, 2006. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of two counts each of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the

third degree (§ 220.16 [1]). Contrary to defendant's contention, the conviction is supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), the evidence at trial "could lead a rational trier of fact to conclude that the elements of the crime had been proven beyond a reasonable doubt" (*People v Cabey*, 85 NY2d 417, 420 [1995]; *see People v Williams*, 84 NY2d 925, 926 [1994]). Defendant failed to preserve for our review his contention that the People failed to establish an adequate chain of custody with respect to the cocaine inasmuch as he did not object to its admission in evidence (*see* CPL 470.05 [2]; *People v Drayton*, 270 AD2d 826 [2000], *lv denied* 95 NY2d 834 [2000]). In any event, " '[t]he testimony presented at the trial sufficiently established the authenticity of that evidence through reasonable assurances of identity and unchanged condition' " (*People v Washington*, 39 AD3d 1228, 1230 [2007], *lv denied* 9 NY3d 870 [2007]; *see People v Julian*, 41 NY2d 340, 343 [1977]). Contrary to defendant's further contention, the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Defendant also failed to preserve for our review his contention that County Court's *Sandoval* ruling constitutes an abuse of discretion (*see People v Robles*, 38 AD3d 1294, 1295 [2007], *lv denied* 8 NY3d 990 [2007]). In any event, we reject the contention of defendant that the court abused its discretion in permitting the People to cross-examine him with respect to certain of his prior convictions (*see People v Alston*, 27 AD3d 1141, 1142 [2006], *lv denied* 6 NY3d 892 [2006]). Those convictions demonstrated the willingness of defendant "to further [his] self-interest at the expense of society or in derogation of the interests of others" (*People v Sandoval*, 34 NY2d 371, 377 [1974]), and the record establishes that the court properly "weighed appropriate concerns and limited both the number of convictions and the scope of permissible cross-examination" (*People v Hayes*, 97 NY2d 203, 208 [2002]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Martoche, Centra, Fahey and Gorski, JJ.