# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**173**
**KA 12-00401**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                                MEMORANDUM AND ORDER

ANTHONY DAVIS, DEFENDANT-APPELLANT.

---

ROSEMARIE RICHARDS, SOUTH NEW BERLIN, FOR DEFENDANT-APPELLANT.

BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL),
FOR RESPONDENT.

---

Appeal from a judgment of the Steuben County Court (Marianne
Furfure, A.J.), rendered May 3, 2010. The judgment convicted
defendant, upon a jury verdict, of grand larceny in the fourth degree
and criminal mischief in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him
upon a jury verdict of grand larceny in the fourth degree (Penal Law §
155.30 [1]) and criminal mischief in the fourth degree (§ 145.00 [1]).
The evidence, viewed in the light most favorable to the People (*see
People v Contes*, 60 NY2d 620, 621), is legally sufficient to support
the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495).
Contrary to defendant's contention, the testimony of the accomplices
is supported by sufficient corroborative evidence (*see* CPL 60.22 [1]).
One of the nonaccomplice witnesses testified that, prior to the
commission of the crime, defendant and his two accomplices discussed
in her presence their intention to go to the victim's home and steal
property, and she thereafter observed the three men leave together and
return together (*see People v Swift*, 241 AD2d 949, 949, *lv denied* 91
NY2d 881, *reconsideration denied* 91 NY2d 1013). Another nonaccomplice
witness testified that she observed defendant in possession of the
stolen safe and some of its contents (*see People v La Porte*, 217 AD2d
821, 821-822; *People v Hadden*, 210 AD2d 546, 547, *lv denied* 85 NY2d
910). The testimony of those witnesses "tended to connect [defendant]
with the crime and harmonized with the narrative provided by the
accomplices" (*People v Hawley*, 286 AD2d 559, 561), such "that the jury
[could have been] reasonably satisfied that the accomplice[s were]
telling the truth" (*People v Daniels*, 37 NY2d 624, 630). Viewing the
evidence in light of the elements of the crimes as charged to the jury
(*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's
further contention that the verdict is against the weight of the

evidence (*see generally Bleakley*, 69 NY2d at 495).

We further conclude that County Court's finding with respect to the amount of restitution is supported by the requisite preponderance of the evidence presented at the restitution hearing (*see* CPL 400.30 [4]).  The court properly credited the testimony of the victim, a collector of currency for more than 40 years, with respect to the value of the stolen bills (*see People v Ford*, 77 AD3d 1176, 1176-1177, *lv denied* 17 NY3d 816).  The court also properly credited the victim's testimony concerning the cost to repair the damage to his home, which was supported by invoices from his contractor (*see People v Empey*, 73 AD3d 1387, 1389, *lv denied* 15 NY3d 804).

Entered:  February 14, 2014                     Frances E. Cafarell
                                                Clerk of the Court