Appeal from a judgment of the Steuben County Court (Marianne Furfure, A.J.), rendered May 3, 2010. The judgment convicted defendant, upon a jury verdict, of grand larceny in the fourth degree and criminal mischief in the fourth degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of grand larceny in the fourth degree (Penal Law § 155.30 [1]) and criminal mischief in the fourth degree (§ 145.00 [1]). The evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), is legally sufficient to support the conviction (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Contrary to defendant’s contention, the testimony of the accomplices is supported by sufficient corroborative evidence (see CPL 60.22 [1]). One of the nonaccomplice witnesses testified that, prior to the commission of the crime, defendant and his two accomplices discussed in her presence their intention to go to the victim’s home and steal property, and she thereafter observed the three men leave together and return together (see People v Swift, 241 AD2d 949, 949 [1997], lv denied 91 NY2d 881 [1997], reconsideration denied 91 NY2d 1013 [1997]). Another nonaccomplice witness testified that she observed defendant in possession of the stolen safe and some of its contents (see People v La Porte, 217 AD2d 821, 821-822 [1995]; People v Hadden, 210 AD2d 546, 547 [1994], lv denied 85 NY2d 910 [1995]). The testimony of those witnesses “tended to connect [defendant] to the crime and harmonized with the narrative provided by the accomplices” (People v Hawley, 286 AD2d 559, 561 [2001]), such “that the jury [could have been] reasonably satisfied that the accomplice[s] [were] telling the truth” (People v Daniels, 37 NY2d 624, 630 [1975]). Viewing the evidence in light of the elements *1288 of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant’s further contention that the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
We further conclude that County Court’s finding with respect to the amount of restitution is supported by the requisite preponderance of the evidence presented at the restitution hearing (see CPL 400.30 [4]). The court properly credited the testimony of the victim, a collector of currency for more than 40 years, with respect to the value of the stolen bills (see People v Ford, 77 AD3d 1176, 1176-1177 [2010], lv denied 17 NY3d 816 [2011]). The court also properly credited the victim’s testimony concerning the cost to repair the damage to his home, which was supported by invoices from his contractor (see People v Empey, 73 AD3d 1387, 1389 [2010], lv denied 15 NY3d 804 [2010]). Present — Centra, J.P, Peradotto, Lindley, Sconiers and Whalen, JJ.