People v Booker (2025 NY Slip Op 07394)

People v Booker

2025 NY Slip Op 07394

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
DEBORAH A. DOWLING
JAMES P. MCCORMACK, JJ.

2024-01243
 (Ind. No. 186/16)

[*1]The People of the State of New York, respondent,
vWalter Booker, appellant.

Talkin, Muccigrosso & Roberts, LLP, New York, NY (Noam B. Greenspan of counsel), for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (James A. Dolan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant, by permission, from an order of the County Court, Rockland County (Larry J. Schwartz, J.), entered January 3, 2024, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered August 27, 2019, convicting him of falsifying business records in the second degree, issuing a false certificate, and official misconduct, after a nonjury trial, and imposing sentence.
ORDERED that the order is affirmed.
The County Court did not improvidently exercise its discretion in denying, without a hearing, the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction on the ground that defense counsel was ineffective for failing to obtain a ruling on his claim, raised in his pretrial omnibus motion to dismiss the indictment, that a grand jury witness had improper contact with a grand juror and for failing to properly investigate this claim or cross-examine the grand jury witness either about this matter or about the grand jury witness's employment disciplinary record at trial. CPL 440.30(4)(d) provides that the court may deny a CPL 440.10 motion without conducting a hearing if "[a]n allegation of fact essential to support the motion (i) is contradicted by a court record or other official document, or is made solely by the defendant and is unsupported by any other affidavit or evidence, and (ii) under these and all the other circumstances attending the case, there is no reasonable possibility that such allegation is true."
Here, the defendant's contentions pertaining to the alleged improper contact between the grand jury witness and the grand juror were based solely on his own affidavit and were unsupported by any other affidavit or evidence. Under these and all the other circumstances attending the case, there was no reasonable possibility that such allegations were true (see People v Lagoa, 232 AD3d 910, 911). Moreover, defense counsel's decision not to cross-examine the grand jury witness at trial about his alleged contact with the grand juror or his employment disciplinary record appears to have been a valid trial tactic and does not bespeak an ineffectiveness of counsel (see People v Caldavado, 166 AD3d 792, 794; People v Barrentine, 112 AD2d 440, 441). The evidence, the law, and the circumstances of this particular case, viewed in totality and as of the time of the representation, reveal that defense counsel provided meaningful representation (see People [*2]v Baldi, 54 NY2d 137, 147). "Inasmuch as the meaningful representation standard offers greater protection than the federal test, we necessarily reject [the] defendant's federal constitutional challenge" (People v Alvarez, 33 NY3d 286, 294 [internal quotation marks omitted]; see People v Dunning, 148 AD3d 1047, 1048).
The defendant's remaining contentions are without merit.
DILLON, J.P., IANNACCI, DOWLING and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court