■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIMITRY P. LEONIDOW, Appellant. [683 NYS2d 310] —Crew III, J. Appeal from a judgment of the County Court of Otsego County (Coccoma, J.), rendered October 6, 1997, upon a verdict convicting defendant of the crimes of burglary in the third degree and criminal sale of marihuana in the fifth degree.

In the late evening hours of December 13, 1996, Bradley Martin observed two individuals exiting a hair salon known as Snippers 2 in the Village of Richfield Springs, Otsego County. Martin called the State Police and, as a consequence, Troopers Daniel Charleson and Kelvin Preston drove to the scene. Upon

arrival, the Troopers observed footprints in the snow leading from the rear door of Snippers 2 to a nearby business known as Chef's Diner. There they found defendant outside the diner and Edward Conklin hiding in the walk-in cooler inside the diner. Both defendant and Conklin were arrested and a search of defendant revealed two baggies of marihuana. At the scene, the Troopers did a visual comparison of defendant's shoes with the footprints they observed in the snow, which appeared to be the same. Finally, at the station house defendant stated that he and Conklin entered the hair salon to smoke a joint, and Conklin stated that they initially went behind the hair salon to smoke a joint, but because it was so windy they opened the doorway to the cellar and went inside.

Defendant was indicted and charged with, *inter alia*, burglary in the third degree with regard to Snippers 2 and criminal sale of marihuana in the fifth degree. Following a jury trial, defendant was convicted on such counts and sentenced, as a second felony offender, to an indeterminate term of imprisonment of 3½ to 7 years for the burglary conviction and three months in jail for the criminal sale conviction, said sentences to be served concurrently. Additionally, defendant was ordered to make restitution to the owners of Snippers 2 in the amount of $225 for damage to the cellar door.

At the outset, we are uncertain as to whether defendant assails the verdict on the basis of legal insufficiency or as being against the weight of the evidence inasmuch as his brief refers variously to the legal insufficiency of the evidence as well as to the People's failure to establish his guilt beyond a reasonable doubt. That need not detain us, however, as we are satisfied that both standards have been met here. Contrary to defendant's assertion that the proof does not establish that he sold marihuana to Conklin inasmuch as they merely shared a joint, the Penal Law defines "sell" as the exchanging, giving or disposing of marihuana to another (*see*, Penal Law § 220.00 [1]). Inasmuch as the proof adduced at trial clearly permitted the jury to find that defendant gave or exchanged a joint to or with Conklin, the charge of criminal sale of marihuana was established, both legally and factually.

We similarly reject defendant's contention that County Court erred in ordering him to pay restitution in the amount of $225 to the owner of Snippers 2. Contrary to the People's contention, defendant's failure to request a hearing in accordance with Penal Law § 60.27 (2) does not constitute a forfeiture of his right to have this issue reviewed by this Court (*see*, *People v Miller*, 133 AD2d 784, *lv denied* 70 NY2d 934). Contrary to

defendant's assertion, however, County Court clearly made a finding as to the damage caused by the offense, which was supported by the presentence report as well as the victim impact statement and the contractor's estimate attached thereto (*see, People v Turco*, 130 AD2d 785, *lv denied* 70 NY2d 755; *compare, People v Ashley*, 162 AD2d 883, *lv denied* 76 NY2d 852).

Cardona, P. J., Mikoll, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.