◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN L. CHRISTMAN, Appellant. [696 NYS2d 594] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal mischief in the third degree (Penal Law § 145.05). Defendant was sentenced to five years' probation upon numerous conditions, one of which requires him to pay $2,366.79 in restitution and surcharges over three years.

We reject defendant's contention that the business tenant of the building vandalized by defendant is not a "victim" for the purpose of receiving restitution. The record establishes that the tenant was a "victim" of defendant's damaging the windows in the building and a computer used by the tenant in his business (*cf., People v Kim*, 91 NY2d 407, 411 [assault victim's health insurer is "victim" for purpose of receiving restitution]; *People v Cruz*, 81 NY2d 996, 997 [assaulted police officer's employer is "victim"]; *People v Hall-Wilson*, 69 NY2d 154 [defendant's employer that reimbursed arson victim is "victim"]).

County Court did not err in directing restitution of repair expenses not yet incurred. When defendant destroyed the computer and windows, he "caused" the victim to sustain an "out-of-pocket loss" (Penal Law § 60.27 [1], [2]) notwithstanding that the victim is uninsured and financially limited and thus has been delayed in repairing all the damage done by defendant.

The court did not err in directing restitution for both interim and final repairs of the windows. The record establishes that temporary repairs were necessary, in stages, to protect the interior of the building from the elements and prevent further loss and later to enable the victim to resume his business. The cost of such temporary repairs was, like the anticipated costs of permanent repairs, an "actual out-of-pocket loss to the victim caused by the offense" (Penal Law § 60.27 [2]; *see*, Penal Law § 60.27 [1]).

Finally, the court did not err in directing defendant to make complete restitution within three years, rather than over the full five-year period of probation. The statute authorizes the court to direct restitution to be paid within a period of time less than that imposed as the term of probation, including the entire amount at the time of sentencing (*see*, CPL 420.10 [1] [a] [i]-[iii]). There is no merit to defendant's contention that the court erred in failing to ascertain defendant's ability to pay restitution within three years (*cf., People v Foster*, 216 AD2d 115, *lv denied* 86 NY2d 794; *People v Masten*, 215 AD2d 892, 893, *lv denied* 86 NY2d 782). The court imposed a restitution obligation of approximately $65 per month, or $15 per week. In imposing a small monthly obligation and directing defendant to make restitution in three years, the court gave adequate consideration to defendant's ability to pay (*cf., People v Chiera*, 255 AD2d 685). Defendant may apply for resentencing in the event that he is unable to pay restitution (*see*, CPL 420.10 [5]; *see generally, People v Martinich*, 258 AD2d 742; *People v Foster, supra*). In any event, defendant's claim of indigency is belied by defendant's offer, at the outset of the restitution hearing, to pay restitution in the amount of $2,147.05, an amount close to that ultimately ordered by the court. (Appeal from Judgment of Oswego County Court, McCarthy, J.—Criminal Mischief, 3rd Degree.) Present—Lawton, J. P., Hayes, Wisner, Pigott, Jr., and Balio, JJ.