■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH J. FORD, Appellant. [910 NYS2d 235]—

Garry, J. Appeal from a judgment of the County Court of Columbia County (Nichols, J.), rendered March 20, 2007, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

Defendant confessed to stealing property from a home in the Town of Stockport, Columbia County on several occasions in September 2006. He pleaded guilty to burglary in the third degree and violating the terms of his probation and, as part of the plea bargain, agreed to pay restitution. He was sentenced as a second felony offender to an aggregate prison term of 2 to 4 years. After sentencing, County Court conducted a hearing and ordered defendant to pay $95,550 in restitution with a 5% surcharge. Defendant now appeals, challenging the restitution award.

As a preliminary matter, defendant's waiver of the right to appeal does not preclude his challenge to the amount of restitution awarded because the amount was not specified in the plea agreement and was not determined until after he was sentenced (*see People v Thomas*, 71 AD3d 1231, 1232 [2010], *lv denied* 14 NY3d 893 [2010]; *People v McLean*, 59 AD3d 859, 860-861 [2009]). Nor does the waiver preclude his claim that the restitution order is illegal in that it exceeds the statutory limit (*see* Penal Law § 60.27 [5] [a]; *People v Pump*, 67 AD3d 1041, 1042 [2009], *lv denied* 13 NY3d 941 [2010]). Finally, defendant preserved his challenge to the amount of the restitution award by disputing the amount of restitution sought by the People, participating in the restitution hearing, and contesting the People's evidence (*compare People v Sartori*, 8 AD3d 748, 749 [2004]).

We affirm the award, finding that the People met their burden to establish the victim's actual out-of-pocket loss by a preponderance of the evidence. In this proceeding "[a]ny relevant evidence, not legally privileged, may be received regardless of its admissibility under the exclusionary rules of evidence" (CPL 400.30 [4]; *see* Penal Law § 60.27 [1], [2]; *People v Tzitzikalakis*, 8 NY3d 217, 220-221 [2007]). Expert testimony was not required

to establish the value of the victim's antiques, household furnishings, and other property. The victim, an antique collector with an academic background in decorative arts, testified that she determined the value of the missing and damaged items by comparing them to similar items in catalogues, antique stores, and online markets, and by consulting antique dealers. She supplied photographs of some items and contractors' estimates of the cost of repairing and reinstalling the home's heating system and other damaged features (*see People v Leonidow*, 256 AD2d 917, 919 [1998], *lv denied* 93 NY2d 875 [1999]). County Court found the testimony credible, and it adequately established the amount of her losses (*see People v Senecal*, 31 AD3d 980, 980-981 [2006]; *People v Periard*, 15 AD3d 693, 694 [2005]).

Defendant next contends that the award should be reduced in the interest of justice as some of the damage may have been caused by other intruders. Defendant admitted that he made repeated visits to the vacant premises to remove and sell such items as furnishings, light fixtures, staircases, marble fireplace surrounds, and a carved wooden arch. Although he denied having damaged or stolen certain other property, County Court was free to reject these claims and to credit the victim's testimony that the disputed property was intact before defendant's crime occurred (*see People v Shortell*, 30 AD3d 837, 837-838 [2006]).

Defendant failed to preserve the claims that County Court improperly failed to consider his ability to pay restitution (*see People v Williams*, 28 AD3d 1005, 1011 [2006], *lv denied* 7 NY3d 819 [2006]) and that the award should have been capped at $15,000 under Penal Law § 60.27 (5) (a) (*see People v Rivera*, 70 AD3d 1484, 1485 [2010], *lv denied* 15 NY3d 756 [2010]). These claims lack merit, however, and thus counsel's failure to preserve them did not deprive defendant of meaningful representation. Consideration of defendant's ability to pay was not required because restitution was ordered as part of a nonprobationary sentence that included a period of incarceration as a significant component (*see People v Travis*, 64 AD3d 808, 809 [2009]; *People v Henry*, 64 AD3d 804, 807 [2009], *lv denied* 13 NY3d 860 [2009]).[1] The restitution award exceeded the statutory cap, but was properly "limited to the return of the victim's property, including money, or the equivalent value thereof" (Penal Law § 60.27 [5] [b]; *see People v Horne*, 97 NY2d 404, 414 [2002]).

Finally, defendant was not deprived of the right to the effective assistance of counsel by his attorney's alleged failure to

---

1. This issue may be addressed following defendant's release by application for resentencing (*see* CPL 420.10 [5]).

determine whether the victim's insurance claim had resulted in any payment before the completion of the hearing.[2] Although the award to the victim would have been offset by any insurance funds she received, defendant's obligation would not have been reduced (see Penal Law § 60.27 [4] [b]; *People v Russell*, 41 AD3d 1094, 1097 [2007], *lv denied* 10 NY3d 964 [2008]).

Cardona, P.J., Mercure, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.

---

2. The victim testified that this claim was pending and unresolved on the first day of the hearing, and the hearing was completed approximately two months later.