# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**947**

**KA 10-01092**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, GORSKI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                     MEMORANDUM AND ORDER

DAVID DILLON, DEFENDANT-APPELLANT.

---

JOHN A. HERBOWY, ROME, FOR DEFENDANT-APPELLANT.

JOHN H. CRANDALL, DISTRICT ATTORNEY, HERKIMER, FOR RESPONDENT.

---

Appeal from a judgment of the Herkimer County Court (Patrick L. Kirk, J.), rendered March 25, 2010. The judgment convicted defendant, upon his plea of guilty, of criminal mischief in the third degree.

It is hereby ORDERED that the judgment so appealed from is affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal mischief in the third degree (Penal Law § 145.05 [2]), defendant contends that his plea was not knowing, intelligent and voluntary because he did not understand the plea proceedings or the direct consequences of his plea. Although that contention survives defendant's waiver of the right to appeal, defendant failed to preserve his contention for our review by failing to move to withdraw the plea or to vacate the judgment of conviction (*see People v Watkins*, 77 AD3d 1403, *lv denied* 15 NY3d 956; *People v Baker*, 49 AD3d 1293, *lv denied* 10 NY3d 932). In any event, defendant's contention is without merit inasmuch as the record establishes that the plea was knowingly, intelligently and voluntarily entered (*see generally People v Mullen*, 77 AD3d 686; *People v Sartori*, 8 AD3d 748, 749).

We conclude that the People established by a preponderance of the evidence that the two victims sustained out-of-pocket losses in the amounts of $28,543.50 and $9,460, respectively (*see People v Ford*, 77 AD3d 1176, 1176-1177, *lv denied* 17 NY3d 816; *People v Butler*, 70 AD3d 1509, *lv denied* 14 NY3d 886; *People v Katovich*, 238 AD2d 751). By failing to request a hearing on the issue whether he had the ability to pay the amount of restitution ordered by County Court, defendant failed to preserve for our review his further contention that the court failed to consider his ability to pay the restitution (*see* Penal Law § 65.10 [2] [g]; *see generally Ford*, 77 AD3d at 1177; *People v Passalacqua*, 43 AD3d 964, *lv denied* 9 NY3d 1037). In any event, the record establishes that the presentence report reviewed by the court

contained information with respect to defendant's education history and employment income, and thus we conclude that the court considered defendant's ability to pay the restitution pursuant to Penal Law § 65.10 (2) (g) (*see People v Christman*, 265 AD2d 856, *lv denied* 94 NY2d 878).  We note that defendant may apply for resentencing pursuant to CPL 420.10 (5) and, in the event that the court determines that defendant is unable to pay the restitution "despite sufficient good faith efforts to acquire the resources to do so . . .[, it] must consider measures of punishment other than imprisonment" (*People v Amorosi*, 96 NY2d 180, 184; *see generally Tate v Short*, 401 US 395, 399).

All concur except CARNI, J., who dissents in part and votes to modify in accordance with the following Memorandum:  I respectfully disagree with the conclusion of my colleagues that defendant failed to preserve for our review his contention that County Court failed to consider his ability to pay the restitution.  I also disagree that the record establishes that the court considered defendant's ability to pay the restitution in the total amount of $39,903.68.  Therefore, I dissent in part.

Upon his conviction of criminal mischief in the third degree (Penal Law § 145.05 [2]), defendant was sentenced to five years of probation and ordered to pay restitution to two victims in the total amount of $39,903.68, including the 5% surcharge.  Defendant's sentence did not include an incarceration component.  With respect to the issue of preservation, I note that the majority relies upon *People v Ford* (77 AD3d 1176, *lv denied* 17 NY3d 816), which did not involve a defendant who was sentenced to probation and ordered to pay restitution as a condition of such probationary sentence but, rather, the defendant was sentenced to an aggregate term of imprisonment of 2 to 4 years and ordered to pay restitution.  Also, the majority relies upon *People v Passalacqua* (43 AD3d 964, *lv denied* 9 NY3d 1037), which provides no indication of the nature of the sentence imposed in conjunction with restitution.  The nature of the sentence imposed is critical to the preservation analysis because Penal Law § 65.10, entitled "Conditions of probation and of conditional discharge," permits the court to impose restitution as a condition of the sentence of probation only "in an amount [defendant] can afford to pay" (§ 65.10 [2] [g]).  That restitution provision applies exclusively to a sentence of probation with restitution as a condition thereof (*see id.*).  It is well settled that "the 'essential nature' of the right to be sentenced as provided by law, though not formally raised at the trial level, preserves a departure therefrom for [our] review" (*People v Fuller*, 57 NY2d 152, 156, quoting *People v Craig*, 295 NY 116, 120; *see People v Aquino*, 83 AD3d 1532).

Turning to the merits of defendant's contention concerning restitution, the record does not contain any evidence that the court considered defendant's ability to pay the restitution.  The court's written restitution decision is silent with respect to that issue.  I cannot agree that we should search the record on appeal, as the majority has done, to reach the conclusion that the court considered defendant's ability to pay.  Indeed, even if it was appropriate to

search the record here, in doing so it becomes evident that the court could not have considered defendant's ability to pay the restitution. The presentence report establishes that defendant's last employment was as a laborer earning $8.00 per hour in a 25 hour work week.  The court's restitution decision filed on March 29, 2010 requires defendant to pay a final payment of $39,903.68 on or before January 9, 2015.  There being no rational relationship between that requirement and defendant's ability to pay it, I cannot conclude that the court considered defendant's ability to pay as required by Penal Law § 65.10 (2) (g).

Therefore, I would modify the judgment by vacating the amount of restitution ordered and remit the matter to County Court for a new hearing to determine the amount of restitution in accordance with defendant's ability to pay that amount.

Entered:  December 23, 2011                     Frances E. Cafarell
                                                Clerk of the Court