■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE RHODES, Appellant. [936 NYS2d 775]—

Egan Jr., J. 

We affirm. Initially, we discern no error with respect to County Court's *Molineux* ruling. At trial, the People sought to offer evidence of defendant's "grooming" of the victims, which entailed conduct committed by defendant prior to the incidents charged in the underlying indictments. Defendant does not dispute that such evidence falls within at least one of the recognized *Molineux* exceptions (*see People v Molineux*, 168 NY 264, 293 [1901])—namely, to establish motive or provide necessary background information (*see People v Burnell*, 89 AD3d 1118, 1121 [2011])—and, despite defendant's assertion to the contrary, County Court was not required to conduct a formal *Ventimiglia* hearing. Rather, "[a]ll that [was] required [was] that the People alert the court and defendant of the 'prior crime' evidence intended to be introduced on their case-in-chief and identify some issue, other than mere criminal propensity, to which the evidence is relevant" (*People v Holmes*, 260 AD2d 942, 943 [1999], *lv denied* 93 NY2d 1020 [1999]; *see People v Wemette*, 285 AD2d 729, 731 [2001], *lv denied* 97 NY2d 689 [2001]), which is precisely what the People did here. As to the issue of appropriate limiting instructions, although County Court advised defendant—at the time it issued its *Molineux* ruling—that it would grant these instructions upon defendant's request, the record reveals that defendant never made any such

request.[1] In short, the record as a whole fails to support defendant's present claim that the limited testimony adduced on this point deprived him of a fair trial.

Nor do we find any merit to defendant's claimed *Brady* violation. Even assuming that the various documents contained in the victims' files maintained by the local Department of Social Services qualify as *Brady* material, defendant concedes that he consented to County Court's in camera review of the files, and the record reveals that defendant thereafter accepted, without objection or further complaint, the two documents that the court deemed to be potentially exculpatory. Having acquiesced to the procedure adopted by the trial court, defendant cannot now be heard to speculate that there were additional, unidentified yet purportedly exculpatory materials that were not disclosed.

Similarly unavailing is defendant's assertion that there is legally insufficient evidence to support the verdict convicting him of 12 counts of criminal sale of marihuana in the second degree. In this regard, defendant—as so limited by his brief—argues that while there is ample evidence that he and his oldest daughter (hereinafter victim A) jointly possessed the marihuana in question, there is insufficient evidence of any alleged sales to her. Insofar as is relevant to this appeal, "[a] person is guilty of criminal sale of marihuana in the second degree when he knowingly and unlawfully sells one or more preparations, compounds, mixtures or substances containing marihuana . . . to a person less than [18] years of age" (Penal Law § 221.50). "Sell," in turn, is broadly defined as "sell, exchange, give or dispose of to another, or to offer or agree to do the same" (Penal Law § 220.00 [1]).

Here, there is ample evidence that defendant gave or otherwise provided victim A with marihuana on multiple occasions throughout the course of summer 2007.[2] Specifically, defendant admitted that he either purchased the marihuana outright—or gave victim A money to make such purchases—and thereafter shared the marihuana in question with victim A. Additionally, victim A testified to numerous instances where defendant would pass a joint or pipe to her and both of them would be high "all day long." In view of such testimony, defendant's legal sufficiency claim must fail (*see People v Bleakley*, 69 NY2d

1. County Court did, however, so instruct the jury during the course of the final charge.

2. Defendant purportedly was concerned that victim A might engage in such activity with her classmates and concluded that he "would rather have her smoke pot at the house [with him] than go doing it with friends at school."

490, 495 [1987]; *People v Lane*, 47 AD3d 1125, 1127 n 1 [2008], *lv denied* 10 NY3d 866 [2008]; *see generally People v Leonidow*, 256 AD2d 917, 918 [1998], *lv denied* 93 NY2d 875 [1999]).

As for defendant's claim that the sentence imposed was harsh and excessive, given the manner in which defendant exploited his daughters, the multitude of sex crimes for which he stands convicted and victim A's testimony regarding defendant's repeated threats of physical harm or other dire consequences should she dare to disclose the abuse, County Court's imposition of the maximum sentence possible for the six counts of criminal sexual act in the first degree was not only a provident exercise of the court's discretion but, in our view, was entirely justified. Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Peters, J.P., Rose, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.