# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**299**

**KA 11-00342**

PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V            MEMORANDUM AND ORDER

RODNEY W. WILLIS, JR., DEFENDANT-APPELLANT.

---

BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Genesee County Court (Robert C. Noonan, J.), rendered December 8, 2008. The order directed defendant to pay restitution.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: On appeal from an order requiring him to pay restitution in the amount of $141,750, defendant contends that County Court erred in failing to conduct a hearing on the issue of his ability to pay restitution. Defendant failed to preserve that contention for our review (*see People v Dillon*, 90 AD3d 1468, 1468-1469, *lv denied* 19 NY3d 1025). In any event, we conclude that it lacks merit. "Consideration of defendant's ability to pay was not required because restitution was ordered as part of a nonprobationary sentence that included a period of incarceration as a significant component" (*People v Ford*, 77 AD3d 1176, 1177, *lv denied* 17 NY3d 816; *see People v Henry*, 64 AD3d 804, 807, *lv denied* 13 NY3d 860). We thus reject defendant's further contention that he received ineffective assistance of counsel based on defense counsel's failure to request a hearing on defendant's ability to pay restitution. Defense counsel was not ineffective for failing to request a hearing that had no "colorable basis" (*People v Rivera*, 71 NY2d 705, 709; *see Ford*, 77 AD3d at 1177).

Entered: April 26, 2013          Frances E. Cafarell
                                           Clerk of the Court