# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1136

KA 12-00147

PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

RICKY SEBRING, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT HALLBORG, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID PANEPINTO OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered June 22, 2011. The judgment convicted defendant, after a nonjury trial, of forgery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of forgery in the second degree (Penal Law § 170.10 [1]). We reject defendant's contention that the verdict is against the weight of the evidence because one of the People's witnesses was not credible. " 'In a bench trial, no less than a jury trial, the resolution of credibility issues by the trier of fact and its determination of the weight to be accorded the evidence presented are entitled to great deference' " (*People v McCoy*, 100 AD3d 1422, 1422; *see People v Hollins*, 278 AD2d 932, 932, *lv denied* 96 NY2d 759). Here, viewing the evidence in light of the elements of the crime in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Contrary to defendant's further contention, he was not denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147). We note in particular that the failure of defense counsel to make a specific motion for a trial order of dismissal or to move for a *Wade* hearing does not constitute ineffective assistance. Any motion for a trial order of dismissal would have had no chance of success (*see People v Horton*, 79 AD3d 1614, 1616, *lv denied* 16 NY3d 859), and "no *Wade* hearing was required because the identifying witness[ ] knew defendant, and thus the identification was merely confirmatory" (*People v Maryon*, 20 AD3d 911, 912, *lv denied* 5 NY3d

854). Further, defense counsel's waiver of his opening statement is "attributable to or substantially ameliorated by the fact that defendant elected to waive a jury trial" (*id.* at 913; *see People v Webster*, 56 AD3d 1242, 1243, *lv denied* 11 NY3d 931).

With respect to defendant's challenge to the severity of the sentence, we note that defendant's release to parole supervision does not render his challenge moot because he "remains under the control of the Parole Board until his sentence has terminated" (*People v Hannig*, 68 AD3d 1779, 1780, *lv denied* 14 NY3d 801 [internal quotation marks omitted]; *see People v Barber*, 106 AD3d 1533, 1533). We nevertheless conclude that his challenge lacks merit.

Entered: November 8, 2013

Frances E. Cafarell
Clerk of the Court