# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1329**

**KA 12-00684**

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, CARNI, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JOSEPH J. PUGLIESE, DEFENDANT-APPELLANT.

---

JOHN HERBOWY, ROME, FOR DEFENDANT-APPELLANT.

JEFFREY S. CARPENTER, DISTRICT ATTORNEY, HERKIMER (JACQUELYN M. ASNOE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Herkimer County Court (Patrick L. Kirk, J.), rendered November 10, 2011. The judgment convicted defendant, upon his plea of guilty, of assault in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reducing the amount of restitution to $5,915.07 and as modified the judgment is affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of assault in the third degree (Penal Law § 120.00) and ordering him to pay restitution in the amount of $7,115.07, defendant contends that County Court erred in failing to consider his ability to pay restitution. Defendant failed to preserve that contention for our review inasmuch as he "did not request a hearing on that issue or otherwise object to the amount of restitution ordered on that basis" (*People v Naumowicz*, 76 AD3d 747, 748; *see People v Willis*, 105 AD3d 1397, 1397, *lv denied* ___ NY3d ___ [Oct. 7, 2013]; *People v Dillon*, 90 AD3d 1468, 1468-1469, *lv denied* 19 NY3d 1025). In any event, the record establishes that the court considered defendant's ability to pay restitution pursuant to Penal Law § 65.10 (2) (g) (*see Dillon*, 90 AD3d at 1469; *Matter of Jessie GG.*, 190 AD2d 916, 917). The court inquired at the restitution hearing about defendant's employment status and whether he had any dependents, and the presentence report reviewed by the court detailed defendant's educational background and employment income (*see Dillon*, 90 AD3d at 1469).

Defendant next contends that the People failed to meet their burden of establishing the amount of restitution by a preponderance of the evidence (*see People v Tzitzikalakis*, 8 NY3d 217, 221). Specifically, defendant contends that the court erred in directing him to make restitution for the business income and the value of the sick leave that the victim allegedly lost as a result of the assault. Contrary to the contention of defendant, we conclude that the People

established the value of the sick leave through the victim's testimony at the restitution hearing and supporting documentation from the victim's employer and physician (*see People v Wilson*, 108 AD3d 1011, 1013; *People v LaVilla*, 87 AD3d 1369, 1370).  We agree with defendant, however, that the People failed to establish the amount of income, if any, the victim lost from his auction business as a result of the assault (*see People v Wilson*, 59 AD3d 807, 808-809).  The documentation in the record does not substantiate the victim's claimed loss of income and, indeed, the victim acknowledged that any lost income from his business during the period of time at issue was purely speculative (*see id.*).  We therefore modify the judgment by reducing the amount of restitution to $5,915.07.

Entered:  January 3, 2014                        Frances E. Cafarell
                                                 Clerk of the Court