# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1018
KA 13-02153
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

GREGORY P. KNAPP, DEFENDANT-APPELLANT.

---

JOHN A. HERBOWY, ROME, FOR DEFENDANT-APPELLANT.

JEFFREY S. CARPENTER, DISTRICT ATTORNEY, HERKIMER (JACQUELYN M. ASNOE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Herkimer County Court (John H. Crandall, J.), entered June 25, 2013. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of burglary in the third degree (Penal Law § 140.20), defendant contends that County Court erred in failing to consider his ability to pay the restitution award. That contention is not preserved for our review (*see People v Pugliese*, 113 AD3d 1112, 1112, *lv denied* 23 NY3d 1066; *People v Shortell*, 30 AD3d 837, 838), and it is without merit in any event. " 'Consideration of defendant's ability to pay was not required because restitution was ordered as part of a nonprobationary sentence that included a period of incarceration as a significant component' " (*People v Willis*, 105 AD3d 1397, 1397, *lv denied* 22 NY3d 960; *see People v Holmes*, 300 AD2d 1072, 1073). Contrary to defendant's further contention, the People established the amount of restitution by a preponderance of the evidence (*see generally* § 60.27 [2]; CPL 400.30 [4]; *People v Tzitzikalakis*, 8 NY3d 217, 221; *Pugliese*, 113 AD3d at 1112-1113). The victim's sworn testimony regarding the value of the stolen jewelry and weapons was sufficient to establish his out-of-pocket losses (*see People v Howell*, 46 AD3d 1464, 1465, *lv denied* 10 NY3d 841; *Shortell*, 30 AD3d at 837-838).

Entered: October 2, 2015                    Frances E. Cafarell
                                            Clerk of the Court