# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

390

KA 14-00817

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                            MEMORANDUM AND ORDER

JEFFREY D. PAUL, ALSO KNOWN AS JEFFREY D. LIPSON,
DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF
COUNSEL), FOR DEFENDANT-APPELLANT.

JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (KATHERINE BOGAN OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Orleans County Court (James P.
Punch, J.), rendered January 27, 2014. The judgment convicted
defendant, upon his plea of guilty, of criminal possession of stolen
property in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him
upon his plea of guilty of criminal possession of stolen property in
the fourth degree (Penal Law § 165.45). Even assuming, arguendo, that
defendant's waiver of the right to appeal is invalid (*see People v
Harris*, 125 AD3d 1506, 1506, *lv denied* 26 NY3d 929), we nevertheless
conclude that none of defendant's contentions on appeal requires
reversal or modification. Defendant failed to preserve for our review
his challenge to the amount of restitution imposed "inasmuch as he did
not object to that amount at sentencing . . . , and in any event he
affirmatively waived his right to a restitution hearing" (*People v
Tessitore*, 101 AD3d 1621, 1622, *lv denied* 20 NY3d 1104). In addition,
"[b]y failing to request a hearing on the issue whether he had the
ability to pay the amount of restitution ordered by County Court,
defendant failed to preserve for our review his further contention
that the court failed to consider his ability to pay the restitution"
(*People v Dillon*, 90 AD3d 1468, 1468-1469, *lv denied* 19 NY3d 1025; *see
People v Pugliese*, 113 AD3d 1112, 1112, *lv denied* 23 NY3d 1066).
Moreover, although we agree with defendant that his release to parole
supervision does not render his challenge to the severity of his
sentence moot inasmuch as he remains under the control of the Parole
Board until his sentence has terminated (*see People v Sebring*, 111
AD3d 1346, 1347, *lv denied* 22 NY3d 1159), we nevertheless conclude

that his challenge is without merit.