People v Kurtis P. (2018 NY Slip Op 07489)





People v Kurtis P.


2018 NY Slip Op 07489


Decided on November 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 8, 2018


[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
KURTIS P., Appellant.

Calendar Date: September 18, 2018

Before: Garry, P.J., McCarthy, Lynch, Devine and Pritzker, JJ.


Sandra M. Colatosti, Albany, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Sophie Marmor of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from an order of the County Court of Chemung County (Rich Jr., J.), entered September 12, 2016, which directed defendant to pay restitution in the amount of $622,440.
When defendant was 16 years old, he and a codefendant set fire to a warehouse that took days for firefighters to extinguish. As a result, defendant was charged in a three-count indictment with various crimes and pleaded guilty to arson in the fourth degree in satisfaction thereof and was adjudicated a youthful offender. In accordance with the terms of the plea agreement, he was sentenced to 90 days in jail and five years of probation, and was ordered to pay restitution. A hearing was subsequently conducted to determine the restitution amount. At the conclusion of the hearing, County Court issued an order directing defendant to pay restitution in the total amount of $622,400, $480,000 of which was attributable to the cost of demolishing the warehouse. Defendant appeals the restitution order.[FN1]
Defendant challenges the restitution amount contending, among other things, that the demolition cost exceeded the actual out-of-pocket loss resulting from the crime (see Penal Law § 60.27 [1]) because the owner of the warehouse had not actually expended $480,000 in demolition cost at the time of the restitution hearing. Initially, Penal Law § 60.27 (1) provides that, as part of sentencing, the court may "require the defendant to make restitution of the fruits of his or her offense or reparation for the actual out-of-pocket loss caused [to the victim]." The statute does not specifically define out-of-pocket loss, but has been found to include out-of-pocket expenses incurred by the victim as a direct result of the criminal activity (see People v Robinson, 133 AD3d 1043, 1044 [2015], lv denied 27 NY3d 1154 [2016]; People v Stevens, 84 AD3d 1424, 1427 [2011], lv denied 17 NY3d 822 [2011]). Here, there is uncontradicted proof that the demolition contractor provided the owner with an estimate of $480,000 to demolish the [*2]warehouse and that the municipality was requiring the owner to demolish the structure for safety reasons. The owner's failure to have actually expended this amount at the time of the hearing does not, under the circumstances presented, preclude that amount from being included in the restitution order (see e.g. People v Christman, 265 AD2d 856, 856-857 [1999], lv denied 94 NY2d 878 [2000]).
Defendant's further claim that County Court failed to take into consideration defendant's ability to pay the restitution awarded (see Penal Law § 65.10 [2] [g]) is similarly unavailing. The court specifically acknowledged defendant's young age and inability to pay but a small amount of restitution. In light of this, the court directed payments of only $100 per month while defendant was in school with the matter to be returned to court at a later date to revise the repayment schedule. Significantly, the court noted that defendant was free to apply for resentencing under CPL 420.10 (5) based upon his inability to pay the restitution award (see People v Osborne, 161 AD3d 1485, 1486 [2018]; People v Fancher, 116 AD3d 1084, 1089 [2014]).
Garry, P.J., McCarthy, Lynch, Devine and Pritzker, JJ., concur.
ORDERED that the order is affirmed.



Footnotes

Footnote 1: Although a restitution order is generally not appealable in a criminal case, we find the order here is appealable as an amendment to the judgment of conviction (see People v Russo, 68 AD3d 1437, 1437 n 2 [2009]).