People v Schinnerer (2021 NY Slip Op 01809)





People v Schinnerer


2021 NY Slip Op 01809


Decided on March 25, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 25, 2021

112155

[*1]The People of the State of New York, Respondent,
v
Mark Schinnerer, Appellant.

Calendar Date: February 8, 2021

Before: Egan Jr., J.P., Clark, Aarons, Pritzker and Colangelo, JJ.


Mark J. Gaylord, Schenectady, for appellant.
Susan J. Mallery, District Attorney, Howes Cave (Kevin P. Mallery of counsel), for respondent.



Pritzker, J.
Appeal from a judgment of the County Court of Schoharie County (Bartlett III, J.), rendered February 20, 2019, upon a verdict convicting defendant of the crimes of rape in the first degree, rape in the third degree and endangering the welfare of a child (two counts).
Defendant was charged by indictment with two counts of rape in the first degree, two counts of rape in the third degree, one count of criminal sexual act in the third degree and three counts of endangering the welfare of a child stemming from allegations that defendant engaged in sexual intercourse with the 16-year-old victim on two separate occasions and performed oral sex on her on one occasion. Prior to trial, County Court dismissed the one count of criminal sexual act in the third degree and one count of endangering the welfare of the child based upon legal insufficiency of the grand jury evidence. At the conclusion of the jury trial, defendant was convicted of one count of rape in the first degree, one count of rape in the third degree and two counts of endangering the welfare of a child. Defendant was sentenced to a prison term of eight years, to be followed by 20 years of postrelease supervision for his conviction for rape in the first degree and to lesser concurrent terms of incarceration on the remaining counts. Defendant appeals.
Defendant argues that the verdict as to his conviction for rape in the first degree is not supported by legally sufficient evidence as to the element of forcible compulsion. "'When considering a challenge to the legal sufficiency of the evidence, we view the evidence in the light most favorable to the People and evaluate whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial and as a matter of law satisfy the proof and burden requirements for every element of the crime charged'" (People v Hernandez, 180 AD3d 1234, 1235 [2020], lv denied 35 NY3d 993 [2020], quoting People v Sostre, 172 AD3d 1623, 1625 [2019], lv denied 34 NY3d 954 [2019]). As relevant here, "[a] person is guilty of rape in the first degree when he or she engages in sexual intercourse with another person [b]y forcible compulsion" (Penal Law § 130.35 [1]). Within the context of sex offenses, as relevant here, forcible compulsion means "to compel by . . . use of physical force" (People v Blackman, 90 AD3d 1304, 1306 [2011] [internal quotation marks, ellipses, brackets and citations omitted], lv denied 19 NY3d 971 [2012]; see Penal Law § 130.00 [8] [a], [b]).
The victim testified that, in April 2017, she was 16 years old and that, during her school break that month, she was in the kitchen when defendant, a relative, picked her up and brought her into his bedroom. The victim testified that defendant held her on the bed, pulled down her pants and inserted his penis into her vagina. She explained that defendant "had his weight on top of [her] so he [*2]was holding [her] down." The victim testified that she screamed and told defendant to stop, but he did not. Given the foregoing, and viewing the evidence in the light most favorable to the People, there is legally sufficient evidence of forcible compulsion, as well as the remaining elements of rape in the first degree (see People v Flower, 173 AD3d 1449, 1452 [2019], lv denied 34 NY3d 931 [2019]; People v Melendez, 138 AD3d 1159, 1160 [2016], lv denied 27 NY3d 1136 [2016]).
Contrary to defendant's argument, we discern no error with County Court's Molineux ruling. At trial, the People sought to elicit testimony of defendant "grooming" the victim, which included sexual conduct by defendant prior to the incidents charged in the indictment. The court properly found that this evidence constituted necessary background information and, as it was more probative than prejudicial, was admissible at trial (see People v Shofkom, 63 AD3d 1286, 1288 [2009], lv denied 13 NY3d 799 [2009], appeal dismissed 13 NY3d 933 [2010]; People v Rhodes, 91 AD3d 1185, 1186 [2012], lv denied 19 NY3d 966 [2012]). Moreover, this evidence also "demonstrated the escalating nature of the sexual abuse and revealed the manipulative and abusive setting in which the victim lived with defendant" that was contained in the rape in the first degree charges (People v Shofkom, 63 AD3d at 1288; see People v Pham, 118 AD3d 1159, 1161 [2014], lv denied 24 NY3d 1087 [2014]). Defendant's assertion that the court failed to deliver a limiting instruction except in its final charge to the jury is devoid of merit. The record reflects that a limiting instruction, the language of which defendant consented to, was given to the jury following the victim's testimony. To the extent that defendant contends that the victim's testimony exceeded the court's Molineux ruling, this argument is unpreserved for our review as defendant failed to object to this testimony (see People v Pitt, 170 AD3d 1282, 1284 [2019], lv denied 33 NY3d 1072 [2019]; People v Echavarria, 53 AD3d 859, 863 [2008], lv denied 11 NY3d 832 [2008]).
Finally, our review of the grand jury minutes does not reveal any errors in presenting the case to the grand jury that "impaired the integrity of the proceedings or caused prejudice to defendant so as to warrant the drastic remedy of reversal" (People v Gaston, 147 AD3d 1219, 1220 n 2 [2017] [internal quotation marks, brackets and citations omitted]; accord People v Flower, 173 AD3d at 1454 n). Defendant's remaining contentions have been examined and found to be lacking in merit.
Egan Jr., J.P., Clark, Aarons and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.