People v Thompson (2022 NY Slip Op 03626)

People v Thompson

2022 NY Slip Op 03626

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, NEMOYER, AND WINSLOW, JJ.

350 KA 19-00165

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SCOTT L. THOMPSON, DEFENDANT-APPELLANT. 

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Ontario County Court (Brian D. Dennis, J.), rendered December 4, 2018. The judgment convicted defendant upon his plea of guilty of criminal mischief in the third degree and aggravated family offense. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal mischief in the third degree (Penal Law § 145.05 [2]) and aggravated family offense (§ 240.75 [1]). Defendant was sentenced to, inter alia, an indeterminate term of incarceration, restitution, and a collection surcharge. By failing to move to withdraw the plea or to vacate the judgment of conviction, defendant failed to preserve for our review his contention that he did not knowingly, voluntarily, and intelligently enter the plea (see People v Brinson, 130 AD3d 1493, 1493 [4th Dept 2015], lv denied 26 NY3d 965 [2015]). Furthermore, this case does not fall within the rare exception to the preservation requirement set forth in People v Lopez (71 NY2d 662, 666 [1988]). To the extent that defendant negated an essential element of a crime to which he pleaded guilty by initially denying any intent to damage property, we note that County Court immediately conducted the requisite further inquiry to ensure that defendant's guilty plea was knowing, intelligent, and voluntary (see id. at 666-668; People v Stafford, 195 AD3d 1466, 1466-1467 [4th Dept 2021], lv denied 37 NY3d 1029 [2021]), and we conclude that "defendant's responses to the court's subsequent questions removed [any] doubt about [his] guilt" (People v Vogt, 150 AD3d 1704, 1705 [4th Dept 2017] [internal quotation marks omitted]; see People v Bonacci, 119 AD3d 1348, 1349 [4th Dept 2014], lv denied 24 NY3d 1042 [2014]).
We further conclude that the court's finding with respect to the amount of restitution is supported by the requisite preponderance of the evidence presented at the restitution hearing (see CPL 400.30 [4]). The court properly credited the victim's testimony concerning the cost to repair her car door and windshield, which was supported by an estimate and a receipt from credible repair shops (see People v Grant, 189 AD3d 2112, 2114 [4th Dept 2020], lv denied 37 NY3d 956 [2021]; People v Davis, 114 AD3d 1287, 1288 [4th Dept 2014]; People v Francis L.M., 278 AD2d 919, 919-920 [4th Dept 2000], lv denied 97 NY2d 754 [2002]). Contrary to defendant's further contention,
" '[c]onsideration of defendant's ability to pay was not required because restitution was ordered as part of a nonprobationary sentence that included a period of incarceration as a significant component' " (People v Willis, 105 AD3d 1397, 1397 [4th Dept 2013], lv denied 22 NY3d 960 [2013]; see People v Knapp, 132 AD3d 1290, 1290 [4th Dept 2015]; see generally People v Henry, 64 AD3d 804, 807 [3d Dept 2009], lv denied 13 NY3d 860 [2009]).
Finally, we reject defendant's contention that the court erred in imposing a collection surcharge of 10% of the amount of restitution. Penal Law § 60.27 (8) provides that a court must impose a surcharge of 5% of the amount of restitution, and may impose an additional surcharge [*2]of up to 5% "[u]pon the filing of an affidavit of the official or organization designated pursuant to [CPL 420.10 (8)] demonstrating that the actual cost of the collection and administration of restitution or reparation in a particular case exceeds five percent of the entire amount of the payment or the amount actually collected" (see People v Kirkland, 105 AD3d 1337, 1338-1339 [4th Dept 2013], lv denied 21 NY3d 1043 [2013]) and the requisite affidavit was filed here (see People v Robinson, 112 AD3d 1349, 1350 [4th Dept 2013], lv denied 23 NY3d 1042 [2014]).
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court