People v Manzi (2023 NY Slip Op 50681(U))

[*1]

People v Manzi (Ryan)

2023 NY Slip Op 50681(U)

Decided on June 29, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 29, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, JAMES P. McCORMACK, JJ.

2022-189 D CR

The People of the State of New York, Respondent,
against
Ryan A. Manzi, Appellant. 

Dutchess County Public Defender (Jennifer Burton of counsel), for appellant.
Dutchess County District Attorney (Kirsten A. Rappleyea of counsel), for respondent.

Appeal by defendant, as limited by the brief, from so much of a sentence of the City Court of Poughkeepsie, Dutchess County (Scott L. Volkman, J.), imposed March 10, 2022, upon defendant's conviction of criminal mischief in the fourth degree, following his plea of guilty, as required defendant to pay restitution in the sum of $2,437.65.

ORDERED that the sentence, insofar as appealed from, is affirmed.
Defendant pleaded guilty to criminal mischief in the fourth degree, based on his damaging a City of Beacon Police Department patrol vehicle. In accordance with the terms of the plea agreement, he was sentenced to three years' probation upon numerous conditions, one of which required him to pay restitution. At the conclusion of a hearing to determine the restitution amount, the City Court ordered defendant to pay restitution in the amount of $2,437.65. Defendant appeals, contending that restitution could not be awarded because the vehicle had not yet been repaired.
New York has a "long-standing policy of promoting, encouraging and facilitating the use of restitution to reimburse victims for monetary and other losses caused by criminal conduct" (People v Horne, 97 NY2d 404, 412 [2002]). A sentencing court is authorized to order, as a condition of probation (see Penal Law § 65.10 [2] [g]), restitution of "the fruits of his or her offense or reparation for the actual out-of-pocket loss caused thereby" (Penal Law § 60.27 [1]). "When factual issues concerning a victim's restitution are disputed, the People bear the burden of [*2]proving [at a hearing], by a fair preponderance of the evidence, the facts in support of the restitution request to the satisfaction of the sentencing court" (Horne, 97 NY2d at 410-411; see People v Tzitzikalakis, 8 NY3d 217, 221 [2007]).
Here, the People met their burden of establishing the City of Beacon Police Department's actual out-of-pocket loss by a preponderance of the evidence. The hearing included the testimony of, and an estimate prepared by, an auto mechanic who had been estimating the cost of damage to vehicles for 47 years. The mechanic provided an itemized estimate of $2,437.65 to repair the damage to the patrol vehicle. The City of Beacon Police Department's failure to have actually expended this amount at the time of the hearing does not, under the circumstances presented, preclude that amount from being awarded by the restitution order (see People v Kurtis P., 166 AD3d 1165 [2018]; People v Ford, 77 AD3d 1176 [2010]; People v Christman, 265 AD2d 856 [1999]).
Accordingly, the sentence, insofar as appealed from, is affirmed.
GARGUILO, P.J., EMERSON and McCORMACK, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 29, 2023