People v Watkins (2024 NY Slip Op 00700)

People v Watkins

2024 NY Slip Op 00700

Decided on February 9, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, GREENWOOD, AND KEANE, JJ.

61 KA 22-01915

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
PATRICK WATKINS, DEFENDANT-APPELLANT. 

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Meredith A. Vacca, J.), rendered October 25, 2022. The judgment convicted defendant upon a jury verdict of criminal sexual act in the first degree and sexual abuse in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by directing that the sentences shall run concurrently with one another, and as modified the judgment is affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of sexual abuse in the first degree (Penal Law § 130.65 [3]) and criminal sexual act in the first degree (§ 130.50 [3]), defendant contends that County Court erred in denying his statutory speedy trial motion because the People's certificate of compliance was improper and thus the statement of readiness illusory. We reject that contention. CPL 30.30 (1) provides that a motion to dismiss the indictment must be granted "where the people are not ready for trial" within certain periods of time, which for felony charges is six months (see CPL 30.30 [1] [a]). A prosecutor's statement of readiness must be accompanied or preceded by a certificate of compliance (COC); if a court determines that the People were not actually ready to proceed, the statement of readiness shall not be valid (see CPL 30.30 [5]). The COC must "state that, after exercising due diligence and making reasonable inquiries to ascertain the existence of material and information subject to discovery, the prosecutor has disclosed and made available all known material and information subject to discovery" (CPL 245.50 [1]). With an exception not relied on here, until the People file a "proper" COC, they "shall not be deemed ready for trial for purposes of section 30.30 of this chapter" (CPL 245.50 [3]). "A statement of readiness [made] at a time when the People are not actually ready is illusory and [is] insufficient to stop the running of the speedy trial clock" (People v England, 84 NY2d 1, 4 [1994], rearg denied 84 NY2d 846 [1994]). "Although CPL 245.50 (1) directs that '[n]o adverse consequence to the prosecution or the prosecutor shall result from the filing of a [COC] in good faith and reasonable under the circumstances,' it clarifies that a trial court may nonetheless grant discovery sanctions and remedies where provided in CPL 245.80" (People v Bay, — NY3d —, 2023 NY Slip Op 06407, *2 [2023]).
"[T]he key question in determining if a proper COC has been filed is whether the prosecution has 'exercis[ed] due diligence and ma[de] reasonable inquiries to ascertain the existence of material and information subject to discovery' " (id.). Whether "the People made reasonable efforts sufficient to satisfy CPL article 245 is fundamentally case-specific, as with any question of reasonableness, and will turn on the circumstances presented" (id.). Courts "should generally consider, among other things, the efforts made by the prosecution and the prosecutor's office to comply with the statutory requirements, the volume of discovery provided and outstanding, the complexity of the case, how obvious any missing material would likely have been to a prosecutor exercising due diligence, the explanation for any discovery lapse, and the People's response when apprised of any missing discovery" (id.). On defendant's motion [*2]pursuant to CPL 30.30, the People had the burden of establishing "that they did, in fact, exercise due diligence and made reasonable inquiries prior to filing the initial COC despite a belated or missing disclosure" (Bay, — NY3d at &mdash, 2023 NY Slip Op 06407, *2).
Here, the People filed a COC indicating that there were no 911 calls associated with the case. That was based upon a review of the police reports, which showed that the victim's parents had taken the victim to a child advocacy center and, when the victim made certain disclosures, the child advocacy center contacted the police, which started their involvement in the case. In preparation for the trial, however, the prosecutor spoke with the victim's parents and became aware that the parents had contacted 911 but, when the police did not respond to the calls, they took the victim to the child advocacy center. The prosecutor obtained and turned over a copy of the 911 calls to the defense and filed a supplemental COC. Defendant moved to dismiss the indictment pursuant to CPL 30.30 the next day. The court determined that the People's COC was filed in good faith and that the People exercised due diligence inasmuch as there was "no information of a 911 call" in the "information that was provided to the People."
We agree with the court that the People met their burden of demonstrating that they exercised due diligence and made reasonable inquiries prior to the filing of the COC. In determining whether the People exercised due diligence, "[r]easonableness . . . is the touchstone" (Bay, — NY3d at —, 2023 NY Slip Op 06407, *2). Here, it was reasonable for the prosecutor to have concluded that no 911 calls existed at the time of the filing of the COC. Inasmuch as the People's COC was proper under CPL 245.50, we reject defendant's related contention that the statement of readiness was invalid, and that defendant's CPL 30.30 motion was improperly denied.
Defendant next contends that the court erred in allowing the victim to testify to two uncharged acts of defendant showing the victim pornographic videos and masturbating in front of her. We agree with the court that the prior bad acts, which were consistent with grooming behaviors, were relevant to show defendant's motive to commit the crimes, and were thus properly admitted for that purpose (see People v Schinnerer, 192 AD3d 1395, 1396 [3d Dept 2021], lv denied 37 NY3d 968 [2021]; People v Rhodes, 91 AD3d 1185, 1186 [3d Dept 2012], lv denied 19 NY3d 966 [2012]). The evidence was also relevant to complete the narrative or provide background information with respect to the nature of the relationship between defendant and the victim (see Schinnerer, 192 AD3d at 1396; People v Maxey, 129 AD3d 1664, 1665 [4th Dept 2015], lv denied 27 NY3d 1002 [2016], reconsideration denied 28 NY3d 933 [2016]; Rhodes, 91 AD3d at 1186; see generally People v Leonard, 29 NY3d 1, 7-8 [2017]). In addition, "the probative value of the Molineux evidence outweighed the prejudicial effect, which was minimized by the court's repeated limiting instructions to the jury" (Maxey, 129 AD3d at 1665).
We reject defendant's contention that the verdict is against the weight of the evidence. " 'Where, as here, witness credibility is of paramount importance to the determination of guilt or innocence, we must give great deference to the jury, given its opportunity to view the witnesses and observe their demeanor' " (People v Barnes, 158 AD3d 1072, 1073 [4th Dept 2018], lv denied 31 NY3d 1011 [2018]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that, although a different verdict would not have been unreasonable, the jury did not fail to give the evidence the weight it should be accorded (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We agree with defendant, however, that the imposition of consecutive sentences renders the sentence unduly harsh and severe under the circumstances of this case. We therefore modify the judgment as a matter of discretion in the interest of justice by directing that the sentences imposed on both counts run concurrently (see generally CPL 470.15 [6] [b]).
Entered: February 9, 2024
Ann Dillon Flynn
Clerk of the Court